IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL PRADO | § | |
| | § | |
| v. | § | C.A. NO. C-11-037 |
| | § | |
| UNITED STATES OF AMERICA, ET AL. | § | |

**OPINION DENYING PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff filed this lawsuit alleging that his employer violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA") based on discriminatory and retaliatory actions. (D.E. 1). Pending is his motion for appointment of counsel. (D.E. 3). A hearing was held on March 10, 2011 regarding this motion. For the reasons stated herein, the motion is denied.

## I. LEGAL STANDARD

Title VII includes a provision allowing for the appointment of counsel. 42 U.S.C. § 2000e-5(f)(1). That provision stipulates that "[u]pon application by the complainant ..., the court may appoint an attorney." Id.[1] A court exercises its sound discretion in deciding whether to appoint. White v. U.S. Pipe & Foundry Co., 646 F.2d 203, 206-07 (5th Cir. Unit B May 1981). The Fifth Circuit has announced that "there is no automatic right to the appointment of counsel in a Title VII case." Caston v. Sears, Roebuck & Co., Hattiesburg, Miss., 556 F.2d 1305, 1309 (5th Cir. 1977) (citations omitted). When a motion to appoint is filed in such a case,

---

[1] The criteria guiding a court's analysis of a motion to appoint are the same whether the cause of action is Title VII or the ADEA. See Nelson v. Boeing Co., 446 F.3d 1118, 1120 (10th Cir. 2006) (analyzing appointment of counsel issue in action brought pursuant to both Title VII and the ADEA with reference to 42 U.S.C. § 2000e-5(f)(1)); see also Javidi v. Kaiser Permanente Med. Grp., Inc., No. 93-17192, 1994 WL 709344, at *1 (9th Cir. Dec. 16, 1994) (per curiam) (unpublished) (applying Caston criteria to motion for appointment in claim brought pursuant to both acts).

the court focuses on three factors: "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." Gonzalez v. Carlin, 907 F.2d 573, 580 (5th Cir. 1990) (citations omitted). None of the factors are, standing alone, dispositive. Id. They are, rather, "ingredients in the total mix of relevant information which should guide the discretion of the district court." Caston, 556 F.2d at 1310. Courts may also consider the plaintiff's ability to effectively represent himself in determining whether or not to appoint counsel. Salmon v. Corpus Christi Indep. Sch. Dist., 911 F.2d 1165, 1166-67 (5th Cir. 1990) (per curiam); accord Oviedo v. Lowe's Home Improvement, Inc., 184 F. App'x 411, 412 (5th Cir. 2006) (per curiam) (unpublished). The burden to justify the appointment rests with the plaintiff. Caston, 556 F.2d at 1310.

## II. DISCUSSION

**A.   A Review Of The Merits Of Plaintiff's Claim Does Not Support The Appointment Of Counsel.**

Turning to the first factor in the analysis, an assessment of the merits of Plaintiff's claim does not lend support to his request for appointed counsel. The Fifth Circuit has held that a ruling on a Title VII claim by the Equal Employment Opportunity Commission ("EEOC") is a "highly probative" insight into the likely merits of the claim for purposes of deciding whether to appoint counsel. Id. at 1309. Here, the EEOC rejected Plaintiff's claim and issued a detailed opinion explaining the basis for its determination. (D.E. 8, at 2-9). After an exhaustive recitation of the facts in the case, the EEOC concluded that "a preponderance of the record evidence does not establish that unlawful discrimination occurred." Id. at 9. That finding is a persuasive reason to doubt the likelihood of Plaintiff prevailing in this action.

Furthermore, there are indications independent of the EEOC decision that suggest

Plaintiff's claim is insufficiently meritorious to warrant the appointment of counsel. For one thing, the complaint does very little to demonstrate that any of the actions for which he is suing were motivated by discriminatory or retaliatory intent. Instead, it is largely concerned with laying out purported procedural failings in the administrative process and describing with scant detail the supposed abuses he suffered. (D.E. 1). Plaintiff flatly asserts in his complaint that these abuses were driven by discrimination and retaliation, but he fails to allege any facts that would support such a connection. He did little to rectify the omission at his hearing. To ultimately prevail in his action, Plaintiff would be required to draw a persuasive link between his race, ethnicity, or age (the grounds upon which he claims to have been discriminated) and the adverse treatment he received from his employer. See Lee v. Kansas City S. Ry., 574 F.3d 253, 259 (5th Cir. 2009). His failure to draw that link does not bolster the probability of ultimate success.

At the hearing, Plaintiff cited one alleged instance of racially derogatory language in the workplace involving the deliberate misspelling of words so as to mock minority accents. Additionally, he referenced a time in which a younger carrier was brought in to handle his mail route for two days during a one-week period in December 2007. He testified that he was told the younger carrier could deliver the mail faster. These incidents notwithstanding, he appeared to suggest that his mistreatment stemmed more from his participation in organized labor activities, or personal animus on the part of his superiors.[2] Neither would give rise to a finding of employment discrimination. See id. (finding of liability in an employment discrimination claim

---

[2] For example, Plaintiff indicated that on August 11, 2007, his supervisor told him to "go to hell" and indicated that Plaintiff had done a poor job during his twenty years with the Postal Service. Additionally, in September 2008, a different supervisor denied him leave and Family Medical Leave Act benefits.

requires adverse treatment due to plaintiff's membership in protected class); Dynasteel Corp. v. N.L.R.B., 476 F.3d 253, 257 (5th Cir. 2007) (treating retaliation for organized labor activities as claim pursuant to the National Labor Relations Act).  In sum, Plaintiff's allegations do not sufficiently state a claim for discrimination such that he deserves court-appointed counsel at this juncture.

The evidence upon which the EEOC relied has not been admitted into the record.  As a result, it would be premature to simply assume that the EEOC's decision was entirely justified in all respects.  See Barnes v. Dep't of Defense, No. EP-07-073, 2007 WL 840508, at *2 (W.D. Tex. Mar. 13, 2007) (unpublished).  Consequently, Plaintiff is advised that if the record evolves in such a way that paints the merits of his claim in a substantially more flattering light, there is nothing to prevent him from re-filing a motion for appointment of counsel and the Court will at that time consider any new evidence he submits.  In the interim, however, given the "highly probative" nature of the EEOC ruling and the omissions in Plaintiff's complaint, the first factor weighs against the appointment of counsel.

**B.     Plaintiff Diligently Sought To Retain Counsel.**

The second factor does militate in Plaintiff's favor.  He testified at his hearing that he contacted upwards of twenty attorneys who all passed on his case.  Plaintiff listed several of the lawyers by name and detailed his other efforts to obtain representation, which included online inquiries and attempts to contact specialists.  He clearly made diligent efforts to engage legal counsel.

On the other hand, it warrants mention that Plaintiff's fruitless quest for counsel does not cut entirely in his favor.  In particular, the fact that numerous attorneys, and several specialists

among them, declined to litigate his action further suggests that it is likely lacking in merit. See Thomas v. Norris, No. 1:07-CV-573, 2008 WL 859190, at *3 (E.D. Tex. Mar. 28, 2008) (unpublished) ("when ... multiple counsel, including counsel with special expertise, have declined to accept employment by a paying client ..., [s]uch fact constitutes strong circumstantial evidence that seasoned and competent counsel view [the plaintiff's] claims as unmeritorious"). On the whole, therefore, Plaintiff's efforts to hire an attorney strengthen his motion for an appointment, but at the same time cast further doubt on the merits of his claim.

**C.     Plaintiff Is Financially Constrained From Retaining Counsel.**

At the hearing, Plaintiff testified about his finances. He is currently employed with the United States Postal Service and earns approximately $2,200 a month after taxes. His monthly expenses are roughly as follows: $750 in mortgage payments, $400 for utilities, a $60 phone bill, $600 for food, $240 for car insurance, and two car payments of $200 and $130 each. Plaintiff supports a wife and two grown children, although his wife earns about $260 per week in workman's compensation from Wal-Mart, and one child will be leaving the house soon to join the military. He pays tuition for his other child. Plaintiff has a federal retirement account that is worth $30,000, but can only borrow $2,000 at a time due to regulations. He has two bank accounts with $1,300 and $1,500 in them respectively, which he uses to pay his day-to-day expenses. He has no loans other than those mentioned, and no source of income aside from his position at the Postal Service.

With respect to the third factor in the analysis, Plaintiff is at least somewhat financially restrained in hiring his own counsel. Although he has a steady stream of income, he also has several people to support, a number of costly necessities, and limited savings. See Buesgens v.

Snow, 169 F. App'x 869, 870-71 (5th Cir. 2006) (per curiam) (unpublished) (holding that third factor fell in favor of plaintiff with $80,000 in an IRA account, $40,000 in a 401(k) account, and $16,000 in stocks because he made only $1,300 per month in disability income). However, it is important to note that Plaintiff's financial state is not so dire that it exerts an overwhelming pull in the direction of appointing counsel. See Carlin, 907 F.2d at 580 (noting that a postal employee with take-home income of $1,650 a month and "modest" savings "was in no worse financial straits than many litigants who seek an attorney to take their case," and therefore did not merit court-appointed counsel).

### D.     Plaintiff Is Capable Of Effectively Presenting His Case.

The ability of a plaintiff to capably present his employment discrimination claims is not one of the central factors outlined by the Fifth Circuit in Caston, but it is nevertheless an additional element that can provide insight into whether the appointment of counsel is appropriate. See Salmon, 911 F.2d at 1166-67; see also Oviedo, 184 F. App'x at 412. There is no indication in the present case that Plaintiff cannot capably advocate for his own cause. On the contrary, his complaint exhibits lucid writing and an adequate understanding of the law. See Buesgens, 169 F. App'x at 871. Indeed, Plaintiff even retrieved a judicial decision and called it to the Court's attention, suggesting that he will be able to successfully conduct legal research to further defend his position.[3] Moreover, there is no reason to suppose that the case will demand particularly onerous investigatory work, as the facts underlying the claim were presumably largely developed during the administrative proceedings before the EEOC. Plaintiff can likely

---

[3] That decision dealt with whether an administrative agency had a duty to inform an employment discrimination complainant that federal trial judges had the authority to appoint him counsel if he chose to challenge the administrative ruling in district court. Hilliard v. Volcker, 659 F.2d 1125, 1126 (D.C. Cir. 1981). Because Plaintiff is plainly aware that the courts have that power, Hilliard is inapplicable to his situation.

uncover any further necessary information proceeding pro se. Carlin, 907 F.2d at 580-81. On balance, then, his ability to represent himself weighs against the appointment of counsel.

E.	**The Appointment Of Counsel At This Time Is Unwarranted.**

Viewing the factors as a collective, Plaintiff is not entitled to court-appointed counsel at this time. Although he diligently sought representation and suffers some monetary constraints in affording an attorney, these facts are outweighed by the lack of evident merit to his action and his ability to effectively represent himself, particularly in light of his only moderate financial constraints. After carefully considering the "ingredients in the total mix of relevant information," it is clear that he has not met his burden and therefore appointment of counsel is not appropriate. Caston, 556 F.2d at 1310. He may re-file a motion to appoint if changing circumstances should so justify.

### III.  CONCLUSION

Based on the foregoing reasons, Plaintiff's motion for appointment of counsel, (D.E. 3), is denied without prejudice.

ORDERED this 15th day of March 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE