UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DANIEL PRADO

      Plaintiff

VS.                                           CIVIL ACTION NO. C-11-37

UNITED STATES OF AMERICA

**<u>ORDER</u>**

    For the reasons set forth below, this Court hereby DISMISSES the above-styled action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    In a complaint filed with this Court on February 15, 2011, Plaintiff, a 48-year-old Hispanic male, claimed he was discriminated against and retaliated against on the basis of race and age during his employment as a City Carrier for the United States Postal Service in violation of Title VII of the Civil Rights Act ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). He also claimed his rights were violated due to the Equal Employment Opportunity Commission's ("EEOC's") improper handling of his case. (D.E. 1.) Plaintiff sued the following parties: the United States of America; Patrick Donahue, Postmaster General of the United States Postal Service; and Jacqueline A. Berrien, Chair of the EEOC.

    On May 16, 2011, Defendants filed a Rule 12(b)(1) and Rule 12(b)(6) motion to dismiss. (D.E. 16.) Plaintiff responded on June 7, 2011. (D.E. 18.) On July 27, 2011, the Court entered an Order granting in part and denying in part, Defendant's Motion to Dismiss. (D.E. 19.) In the Order, the Court dismissed all claims against the United States of America and Jacqueline A. Berrien, on the ground that they are not proper defendants

for AEDA or Title VII claims. (Id. at 3.) The Court also dismissed all of Plaintiff's claims relating to the EEOC's allegedly improper processing of Plaintiff's case. (Id. at 14.) In addition, the Court dismissed Plaintiff's claims for discrimination under both Title VII and the AEDA. (Id.)

Conversely, the Court concluded that Plaintiff's retaliation claims under Title VII and/or the AEDA remained, but only against the Postmaster General, Patrick Donahue, and only to the extent that Plaintiff alleged that his supervisors retaliated against him due to his prior charges of discrimination with the EEOC, or for engaging in other activity protected under relevant statutes. (Id.) The Order concluded by giving Plaintiff fourteen days to amend his complaint in accordance with the Court's ruling, and to clarify his claims for retaliation against the Postmaster General, or his case would be dismissed. (Id.) The deadline to amend was July, 11 2011. (Id.) On September 21, 2011, Plaintiff, who had to that date failed to amend his Complaint, was ordered to appear and show cause why his case should not be dismissed. (D.E. 21.) On November 9, 2011, the Court held a hearing at which Plaintiff appeared.

It is well established that "[a] district court sua sponte may dismiss an action for failure to prosecute or to comply with any court order." Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); see also Anthony v. Marion County Gen. Hosp., 617 F.2d 1164, 1167 (5th Cir. 1980) ("Rule 41(b) provides that a case may be dismissed for failure to prosecute . . . [a district court may] sua sponte dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases.").

In this case, Plaintiff failed to amend his Complaint within fourteen days as ordered by this Court. Further, Plaintiff subsequently failed to show cause as to why his case should

not be dismissed. Accordingly, the Court hereby DISMISSES Plaintiff's remaining claims for failure to prosecute.

    SIGNED and ORDERED this 15th day of November, 2011.

                                                  Janis Graham Jack
                                      Senior United States District Judge